# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-23761-RAR
### (18-CR-20951-RAR-1)

**STEPHEN ADDERLEY**,

      Movant,

v.

**UNITED STATES OF AMERICA**,

      Respondent.

_____/

## ORDER DISMISSING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant Stephen Adderley's *pro se* Motion to Vacate under 28 U.S.C. § 2255 ("Motion"). *See* Mot. [ECF No. 1]. Movant, who is currently serving a 262-month sentence for conspiracy to possess with intent to distribute a controlled substance, argues that his sentence is now illegal in light of the Eleventh Circuit's decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022). *See* Mot. at 4; Memorandum of Law ("Memo.") [ECF No. 1-1] at 6. Having carefully reviewed the record, the Court concludes that the Motion is not timely under § 2255(f) and must be summarily dismissed.

## LEGAL STANDARD

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. Relief under § 2255 may be granted if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that

narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotations omitted).

Pursuant to 28 U.S.C. § 2255(f), a § 2255 movant has "a 1-year period" to file their motion to vacate. That one-year period runs "from the latest of" the following triggering dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).  An otherwise untimely motion can also be considered if the movant affirmatively demonstrates his entitlement to one of two equitable exceptions.  First, the limitations period may be "equitably tolled."  To warrant equitable tolling, Movant "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (cleaned up). Second, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror

would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Rule 4(b) of the Rules Governing § 2255 Proceedings states that a § 2255 Motion to Vacate can be summarily dismissed if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). The Eleventh Circuit has explained "[b]oth a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner [or movant] is not entitled to relief" thereby authorizing the Court to *sua sponte* dismiss the case. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## ANALYSIS

The Court will begin by briefly recounting the factual and procedural background of Movant's underlying criminal case. Movant, along with two other codefendants, was charged with conspiracy to possess with intent to distribute a controlled substance (Count 1) and possession with intent to distribute a controlled substance (Count 2). *See* Indictment, *Adderley v. United States*, No. 18-cr-20951 (S.D. Fla. Dec. 12, 2018), ECF No. 12 at 1–2. The Government alleged that Adderley and his confederates had a scheme to distribute "100 grams or more of a mixture and substance containing a detectable amount of heroin," and "400 grams or more of a mixture and substance containing a detectable amount of fentanyl[.]" *Id.* at 2. Adderley ultimately entered into a plea agreement with the Government, agreeing to plead guilty to Count 1 of the Indictment in exchange for the Government dismissing Count 2. *See* Plea Agreement, *Adderley v. United States*, No. 18-cr-20951 (S.D. Fla. Apr. 25, 2019), ECF No. 49 at 1. On June 11, 2019, United States District Judge Ursula Ungaro adjudicated Movant guilty of Count 1 of the Indictment and

sentenced Adderley to 262 months in prison to run concurrent with the sentence imposed against Movant in Case No. 11-cr-20270.  *See* Judgment, *Adderley v. United States*, No. 18-cr-20951 (S.D. Fla. June 11, 2019), ECF No. 66 at 2.  Movant did not appeal his conviction and sentence.

Movant now argues that the Court made two errors during sentencing.  *First*, Movant argues that the Court violated due process when it used his prior "convictions for possession with intent to distribute" to enhance his sentence as a "Career Offender" under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  Mot. at 4.  *Second*, Movant claims that conspiracy to possess with intent to distribute a controlled substance is an "inchoate offense" which makes it ineligible to be considered a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  *Id.* at 5. Movant relies on § 2255(f)(3)'s limitations period to argue that the Motion is timely, arguing that the Eleventh Circuit's decision in *Jackson* "announced a substantive rule that is retroactive in cases on collateral review."  *Id.* at 11; *see also* 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]").

The Court finds that the Motion is not timely under any of § 2255(f)'s limitations periods. To start, the Motion is clearly untimely under § 2255(f)(1) since it has been filed more than one year after "the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255(f)(1). Movant was adjudicated guilty and sentenced on June 11, 2019.  *See* Judgment, *Adderley v. United States*, No. 18-cr-20951 (S.D. Fla. June 11, 2019), ECF No. 66 at 1.  Since Movant did not appeal, his "judgment of conviction [became] final when the time for seeking that review expire[d]." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).  The Federal Rules of Appellate Procedure provide that a criminal defendant must file his appeal within fourteen (14) days of "the

entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A); *accord Nesbitt v. United States*, 697 F. App'x 645, 645 (11th Cir. 2017). Applying the law to Movant's case, his criminal judgment became final fourteen days after Judge Ungaro entered the judgment: June 25, 2019. Consequently, Movant had to file his § 2255 motion on or before June 25, 2020, to be timely under § 2255(f)(1). Since the instant Motion was filed over two years past this date, § 2255(f)(1) cannot apply.

Admittedly, Movant does not attempt to rely on § 2255(f)(1). Instead, he affirmatively asserts that his Motion is timely under § 2255(f)(3) in light of the Eleventh Circuit's decision in *Jackson*. But this argument has two major flaws. *One*, the text of § 2255(f)(3) clearly and unambiguously only applies to new rights "recognized by *the Supreme Court*"—not the Eleventh Circuit or any of the other United States courts of appeals. 28 U.S.C. § 2255(f)(3); *see also Reason v. United States*, No. 19-cv-14370, 2020 WL 5822250, at *3 (S.D. Fla. Aug. 26, 2020) ("[*United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018)] was decided by the Eleventh Circuit, not the United States Supreme Court. Therefore, the Court need not address whether *Phiper* is retroactively applicable to cases on collateral review as *Phiper* fails to meet the first element necessary for a claim to be timely under § 2255(f)(3), that a new rule was announced by the Supreme Court."), *report and recommendation adopted*, 2020 WL 5819353 (S.D. Fla. Sept. 30, 2020). In other words, neither *Jackson* nor any other Eleventh Circuit case implicates the § 2255(f)(3) limitations period.

*Two*, the Eleventh Circuit vacated its opinion in *Jackson*, so it no longer has any precedential effect. *See United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 8, 2022) ("We sua sponte vacate our panel opinion in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022)."). Of course, even if Eleventh Circuit opinions could create a new limitations under § 2255(f)(3), a now-vacated opinion like *Jackson* has no precedential

value and cannot be relied upon in any circumstance. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) ("[The] opinions remain vacated, and are officially gone. They have no legal effect whatever. They are void. None of the statements made in either of them has any remaining force and cannot be considered to express the view of this Court."). Accordingly, the Court also finds that the Motion is not timely under § 2255(f)(3).

Therefore, the Motion would only be timely if it either falls under one of the remaining limitations periods of § 2255(f) or if Movant proves that he is entitled to one of the two equitable exceptions to timeliness (*i.e.*, "equitable tolling" or "actual innocence"). Unfortunately for Movant, none of these alternatives apply. Movant does not assert the existence of an "impediment to making a motion created by governmental action" or a factual predicate that "could have been discovered through the exercise of due diligence" after the date of finality; thus, § 2555(f)(2) and (f)(4) do not apply here. 28 U.S.C. § 2255(f)(2), (4); *see generally* Mot. Movant similarly fails to allege that "some extraordinary circumstance stood in his way and prevented timely filing," so he cannot rely on equitable tolling. *Lawrence*, 549 U.S. at 336; *see also Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling[.]"). Finally, the contents of the Motion argue that Movant's <u>sentence</u> is illegal—the Motion does not contest the legality of Movant's conviction nor the propriety of his guilty plea. *See generally* Mot. Consequently, the "actual innocence" exception cannot apply because Movant himself does not allege that he is, in fact, innocent. *See Schlup*, 513 U.S. at 324 ("[An actual innocence] claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence[.]").

The instant Motion is not timely under any of the limitations periods of § 2255(f) nor does Movant allege that the Motion is timely under one of the available equitable exceptions. For these reasons, it is clear from the face of the Motion that it is untimely and must be **DISMISSED**.

### EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

### CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA").   A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition.  Rather, to pursue an appeal, a petitioner must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims" the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Here, reasonable jurists would not find the Court's procedural ruling that the Motion is untimely to be debatable.  Accordingly, a COA is denied and shall not issue.

### CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is **DISMISSED**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of November, 2022.

RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:     Stephen Adderley
        49045-004
        Miami Federal Correctional Institution
        Inmate Mail/Parcels
        P.O. Box 779800
        Miami, FL 33177
        PRO SE

        Noticing 2255 U.S. Attorney
        Email: usafls-2255@usdoj.gov